FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ELIZABET V.,

    Plaintiff,

    v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 1:19-CV-03051-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12. Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying her applications for Social Security Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter back to the Commissioner for

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 1**

additional proceedings.

## I. Jurisdiction

Plaintiff filed applications for Social Security Disability Insurance and Supplemental Security Income on December 2, 2015. AR 77, 78. She alleged a disability onset date of March 17, 2015. AR 215, 222. Plaintiff's applications were initially denied on March 31, 2016, AR 141-44, and on reconsideration on July 6, 2016, AR 149-62.

Administrative Law Judge ("ALJ") Keith J. Allred held a hearing on November 17, 2017 and heard testimony from Plaintiff and vocational expert Kimberly Mullinax. AR 36-76. On April 25, 2018, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 15-27. The Appeals Council denied Plaintiff's request for review on January 22, 2019. AR 1-5. Plaintiff sought judicial review by this Court on March 19, 2019. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the claimant cannot engage in his previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than

a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted).  The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 4

## IV.     Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 38 years old at the alleged date of onset. AR 215. At application, Plaintiff alleged that the following conditions limited her ability to work: bipolar disorder; "Torn PI and S;" arthritis in the back; sciatica; muscle spasms; diabetes; depression; anxiety; anemia; and suicidal tendencies. AR 251. The highest grade Plaintiff completed was the tenth grade in 1993. AR 252. At the time of application, Plaintiff stated that she had previously worked as child care provider for the State of Washington and as an agriculture laborer. AR 253. Plaintiff reported that she stopped working on March 1, 2013 because her job ended, but that she believed her conditions became severe enough to keep her from working as of March 17, 2015. AR 252.

## V.     The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the alleged date of onset, March 17, 2015, through the date of the decision. AR 15-27.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged date of onset. AR 18 (citing 20 C.F.R. §§ 404.1571, 416.971 *et seq.*).

**At step two**, the ALJ found that Plaintiff had the following severe

impairments: degenerative disc disease; anxiety disorder; affective disorder; personality disorder; and obesity (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). AR 18.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 18 (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).

**At step four**, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a work at the light exertional level with the following limitations:

> she can never climb ladders, ropes, or scaffolds, or crawl, but can occasionally balance, climb ramps and stairs, bend, stoop, and crouch. She can have no exposure to extremes of cold, wetness, vibration, or hazards. She is able to perform the basic mental demands of competitive, unskilled work, including the ability to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations, and to deal with changes in a routine work setting. She can have superficial and irregular interaction with the general public and coworkers. She can do routine work that involves few if any changes.

AR 20 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)). The ALJ identified Plaintiff's past relevant work as a child monitor and found that she was unable to perform this past relevant work. AR 25.

**At step five**, the ALJ found that, in light of her age, education, work

1  experience, and RFC, there were jobs that exist in significant numbers in the national
2  economy that Plaintiff could perform, including the jobs of housekeeping cleaner,
3  packing line worker, and production assembler. AR 26. The ALJ also found that if
4  a limitation to occasional over reaching were added to the RFC, jobs exist in
5  significant numbers in the national economy that Plaintiff could perform, including
6  the jobs of assembler, escort vehicle driver, and document preparer. *Id*. Based on
7  this step five determination, the ALJ found that Plaintiff had not been under a
8  disability, as defined in the Act, from March 17, 2015, through the date of his
9  decision. AR 27 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues that the ALJ erred by: (1) failing to make a proper step three determination; (2) failing to properly consider Plaintiff's symptom statements; (3) failing to properly weigh statements from Plaintiff's mother; and (4) failing to properly weigh the medical opinion evidence. ECF No. 11.

## VII. Discussion

**A.    Step Three**

Plaintiff argues that the ALJ failed to properly assess the evidence that supports a determination that she met Listing 1.04A. ECF No. 11 at 4-5.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not to consider her age, education, and work experience. 20 C.F.R. §§ 404.1520(d); 416.920(d). An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not meet a listing. *Id*.

Here, the ALJ concluded Plaintiff did not meet or equal Listing 1.04 in two sentences: "With regard to listing 1.04A for disorders of the spine, there is no evidence that the claimant has any motor loss or accompanying sensory or reflex loss. There is no evidence of positive straight leg raising both sitting and supine." Tr. 19. At no point in the step three determination did the ALJ discuss the medical evidence in relation to Listing 1.04. *Id*. This failure to discuss any medical evidence is an error under *Lewis*.

Listing 1.04A requires a disorder of the spine (such as spinal stenosis or degenerative disc disease) resulting in compromise of a nerve root or the spinal cord, with evidence of (1) nerve root compression characterized by (2) neuro-anatomic distribution of pain, (3) limitation of motion of the spine, (4) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 8

sensory or reflex loss and, (5) if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). 20 C.F.R. pt. 404, Subpt. P., App. 1, § 1.04A.

Here, there is evidence of motor loss, sensory loss, reflex loss, and positive straight leg raising tests. On September 14, 2017, an evaluation showed a reduced range of motion in the lumbar spine, impaired gait, and reduced strength in Plaintiff's hips and knees. AR 913. The evaluation also demonstrated that Plaintiff had an abnormal deep tendon reflexes and a passive straight leg raising in supine at 30 degrees left and 38 degrees right. AR 912-13. Sensory testing was not performed on September 14, 2017, AR 913, but an evaluation on December 21, 2015 showed paresthesia to light touch on the right medial and lateral leg, AR 495. Plaintiff asserts that she met Listing 1.04A by September of 2017. ECF No. 11 at 5.

Here, the ALJ failed to discuss the evidence in the record that Plaintiff met or equaled listing 1.04A. AR 19. Furthermore, the ALJ found that there was "no evidence" of motor loss, sensory loss, reflex loss, or positive straight leg raising tests. *Id*. Therefore, the ALJ's determination is not supported by substantial evidence and cannot be upheld. The case is remanded for the ALJ to address the medical evidence discussed in Listing 1.04A.

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 9

**B.    Plaintiff's Symptom Statements**

Plaintiff challenges that ALJ's determination that her symptom statements are unreliable. ECF No. 11 at 6-13.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti*, 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id*. Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" AR 21. Specifically, the ALJ found that (1) Plaintiff's statements were not consistent with the medical evidence, (2) Plaintiff's statements were inconsistent with her activities, and (3) Plaintiff had an erratic work history. AR 21-22, 25.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 10

### 1. Medical Evidence

The ALJ found that Plaintiff's statements were "not entirely consistent with the medical evidence," and then summarized the physical and psychological evidence in the record. AR 21-22.

The Ninth Circuit has specifically held that a generic non-credibility finding followed by a summary of the medical evidence does not meet the "specific" portion of the "specific, clear and convincing" standard. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The Ninth Circuit held that when discussing a claimant's symptom testimony, "[t]he clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) *citing Moore v. Comm'r, Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (internal citations omitted).[1] Therefore, any reason the Court must "infer" from the ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the "specific, clear and convincing standard." *See Brown-Hunter*, 806 F.3d at 494 ("Although the inconsistencies identified by the district court could be

---

[1] The language in *Garrison* identifying the clear and convincing standard as the most demanding required in Social Security cases continues to be referenced by the Ninth Circuit in decisions since the March 28, 2016 effective date of the S.S.R. 16-3p. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

1  reasonable inferences drawn from the ALJ's summary of the evidence, the
2  credibility determination is exclusively the ALJ's to make, and ours only to
3  review. As we have long held, '[W]e are constrained to review the reasons the
4  ALJ asserts.'" citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

This portion of the ALJ's determination rejecting Plaintiff symptom statements was essentially nothing more than a summary of the evidence which has been rejected by the Ninth Circuit in *Brown-Hunter*. Tr. 21-22. Without some specific analysis identifying how Plaintiff's statements were undermined by the medical evidence, this reason fails to meet the specific, clear and convincing standard.

**2.    Activities**

The ALJ found that Plaintiff's statements were not consistent with her daily activities. AR 22. Specifically, the ALJ found that Plaintiff reported that she did the majority of the housework and found that these activities were inconsistent with debilitating back pain. *Id*.

The Ninth Circuit has warned ALJs against using simple household activities against a person when evaluating their testimony:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

*Garrison*, 759 F.3d at 1016. Therefore, this reason is insufficient to meet the specific, clear and convenience standard.

### 3.     Work History

The ALJ found that Plaintiff had an "erratic history of full time work over the past eighteen years" suggesting "that her current lack of employment may be a result of this lack of attachment to work, rather than the result of her impairments." AR 25.

An ALJ's finding that claimant had limited work history and "ha[d] shown little propensity to work in her lifetime" is a specific, clear, and convincing reasons for discounting the claimant's statements. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, Plaintiff's earnings shows that she did not receive an income from 2001 through 2006. AR 231. However, she testified that during that time she was married and "we had a mechanic shop over there, in Texas. And in Texas, I was over there, helping him run the mechanic shop. I would make the phone calls, clean up at the shop, going and order parts and everything." AR 62. She stated that her role in the family business ended in 2005 due to a divorce, and she did not look for work in 2006. AR 62-63. In 2007, Plaintiff began as a childcare provider, and worked there until 2012. AR 63.

By ignoring the work at the mechanic shop, the ALJ erred by failing to

1   consider all of Plaintiff's substantial gainful activity. The regulatory definition of

2   substantial gainful activity focuses on the nature of the claimant's activities.

3   Specifically, an activity must be both "substantial" and "gainful." *See* 20 C.F.R. §§

4   404.1572, 416.972. Work activity is "substantial" if it "involves doing significant

5   physical or mental activities." *Id*. It is "gainful" if it is "the kind of work usually

6   done for pay or profit, whether or not a profit is realized." *Id*. "The claimant's

7   activities need only be of the type that normally results in pay or profit." *Corrao v.*

8   *Shalala*, 20 F.3d 943, 946 (9th Cir. 1994). Therefore, "the claimant's activities

9   may be gainful even if the claimant does not earn income." *Id*. *citing Callaghan v.*

10  *Shalala*, 992 F.2d 692, 695-96 (7th Cir. 1993). Therefore, the ALJ should have

11  considered the work at the mechanic show in terms of whether or not it was

12  substantial gainful activity before assuming that Plaintiff had an erratic work

13  history. This final reason for rejecting Plaintiff's symptom statements also does

14  not rise to the specific, clear and convincing standard.

15    In conclusion, the ALJ failed to provide a specific, clear and convincing

16  reason for rejecting Plaintiff's symptom statements. Therefore, this case is

17  remanded for the ALJ to properly address such statements.

18  **C.    Plaintiff's Mother**

19    Plaintiff challenges the weight the ALJ gave a statement from her mother.

20  ECF No. 11 at 13-14. Since this case is being remanded for the ALJ to make a

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 14

new step three determination and readdress Plaintiff's symptom statements, the ALJ will also readdress the weight assigned to this statement.

### D.     Medical Opinion Evidence

Plaintiff challenges the weight the ALJ gave to the opinions of Amy Turner, PA-C, Angelica Suarez, M.A., Ivonne Garcia, M.S.W., Morgan Liddell, M.D., Diane Fligstein, Ph.D., Paul Cherry, Ph.D., Howard Platter, M.D., and Steven Bowers, M.D.  ECF No. 11 at 14-21.  Since this case is remanded for the ALJ to properly address the medical evidence at step three and Plaintiff's symptom statements, the ALJ will readdress the weight assigned to the medical opinions in the record.

### VIII.  Conclusion

Plaintiff requests that the credit-as-true rule be applied and the case be reversed for an immediate award of benefits.  ECF No. 11 at 13 & 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Reversing and awarding benefits is appropriate when (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as

true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, the ALJ must properly address the medical evidence supporting a finding that Plaintiff met or equaled Listing 1.04A, and it is not clear from the record that the ALJ would be required to find Plaintiff disabled at step three. Further proceedings are necessary for the ALJ to address Plaintiff's symptom statements, the statement from her mother, and the medical opinions in the record. Additionally, the ALJ will supplement the record with any outstanding evidence and call a vocational expert to testify at a remand hearing.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11,** is **GRANTED, in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 16

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** February 17, 2021

<u>s/Robert H. Whaley</u>
ROBERT H. WHALEY
Senior United States District Judge